**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| KAREN ARNOLD, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:23-cv-00231-JMG |
| | : | |
| CHRISTINE WORMUTH, | : | |
| SECRETARY OF THE ARMY, | : | |
| Defendant. | : | |

---

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                    **October 31, 2023**

Plaintiff, Karen Arnold, filed a Complaint alleging employment discrimination claims against Defendant, Christine Wormuth, Secretary of the Army, on behalf of the Department of the Army. Plaintiff alleges Defendant committed discriminatory conduct against her, including (a) failure to reasonably accommodate disability and reinstate Plaintiff; (b) promulgation of a hostile work environment and failure to stop harassment; (c) unequal terms and conditions of employment; (d) disparate treatment; and (e) retaliation. These claims allegedly arise out of Plaintiff's employment in Tobyhanna, Pennsylvania and Brunswick, North Carolina. Defendant moves to dismiss Plaintiffs' disability claims under the American Disabilities Act ("ADA") because Plaintiff is a former federal employee; thus, Defendant contends, Plaintiff cannot bring disability claims under the ADA. Defendant also moves to dismiss Plaintiff's Count II claims relating to her removal from employment due to Plaintiffs' failure to exhaust administrative remedies. Specifically, Defendant contends that Plaintiff cannot file suit in a federal district court because Plaintiff's claims are substantially similar to her claims pending before the Merit Systems Protection Board ("MSPB"). In addition, Defendant moves to dismiss claims of gender discrimination and

retaliation in Count I and retaliation in Count II, because they were not administratively exhausted. Defendant moves to strike punitive, liquidated, and double damages. Lastly, Defendant moves to sever and transfer venue for any remaining claims.

For the following reasons, Defendant's Motion to Dismiss is granted, but the Motion to Sever and Transfer Venue is denied. Accordingly, Plaintiff's disability claims under the ADA are dismissed with prejudice. The Court grants Plaintiff leave to file an amended complaint alleging disability claims under the Rehab Act. Plaintiff's employment claims in Count II that are substantially similar to the claims she has pending before the MSPB are dismissed without prejudice pending a resolution of Plaintiff's MSPB case. Plaintiff's gender discrimination and retaliation claims in Count I and retaliation claim in Count II are dismissed with prejudice. All demands for punitive, liquidated, and double damages are stricken. Lastly, venue remains in the Eastern District of Pennsylvania.

## I.   BACKGROUND

On January 17, 2023, Plaintiff filed a two-count Complaint alleging five causes of action against Defendant: (a) failure to reasonably accommodate disability and reinstate the Plaintiff; (b) promulgation of a hostile work environment and failure to stop harassment; (c) unequal terms and conditions of employment; (d) disparate treatment; and (e) retaliation. Compl. ECF No. 1 ¶ 9. The Defendant employed Plaintiff at the following locations: U.S. Army Materiel Command — Army Communications-Electronics Command's installation, Tobyhanna Army Depot from 2005 to 2012; U.S. Army Materiel Command — Surface Deployment and Distribution Command's installation, Military Ocean Terminal, Sunny Point from 2012 to 2015; and U.S. Army Materiel Command — Surface Deployment and Distribution Command's remote work location from 2015 to 2017. *Id.* ¶ 8. In total, Defendant employed Plaintiff for twelve years. *Id.* The claims in Plaintiff's

Complaint arise out of her employment in Tobyhanna, Pennsylvania and Brunswick, North Carolina. In Plaintiff's Complaint, she alleges Defendant committed employment discrimination against her from 2015 to 2017 while she worked at the Army Material Command's Tobyhanna Army Depot location and Army Materiel Command's Surface Deployment and Distribution Command. *Id.* ¶¶ 10-11. Moreover, while in this position, Plaintiff alleges Defendant, at the hands of the organization and its managers, discriminated against her on the basis of her disability, gender, retaliation, age, and subjected her to a hostile work environment. *Id.* ¶¶ 13,18. The final two years of her employment with Army Materiel Command's Surface Deployment and Distribution were conducted remotely from Bethlehem, Pennsylvania. *Id.* ¶ 8.

On February 19, 2016, Plaintiff filed a complaint with the Equal Employment Opportunity (EEO) concerning the discriminatory acts of the Army Materiel Command's Surface Deployment and Distribution Command and its managers during her employment. *Id.* ¶ 11. In her EEO and current federal complaint, Plaintiff alleges Defendant committed several discriminatory acts against her in the course of her employment. *Id.* In addition, Plaintiff asserts that Defendant discriminated against her when it revoked her remote work accommodation. *Id.* ¶ 23. Thus, Plaintiff asserts she sustained substantial damages, monetary losses, and serious emotional distress and mental anguish as a direct and proximate result of Defendant's discriminatory actions. *Id*. ¶ 16. Plaintiff seeks relief including injunctive orders, damages, and costs as well as: (a) directing Defendant to reasonably accommodate the Plaintiff's disabilities; (b) directing Defendant to reinstate Plaintiff's employment; and (c) granting Plaintiff appropriate injunctive relief, lost wages, and monetized benefits, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees. *Id.*

3

On April 24, 2023, Defendant moved to dismiss Plaintiffs' claims under the ADA, claims in Count II related to Plaintiff's removal from employment, claims of gender discrimination and retaliation in Count I, claims of retaliation in Count II, and seeks to strike demands for punitive, liquidated, and double damages. Def. Mot. to Dismiss, ECF No. 6. In addition, Defendant moves for the remaining claims to be severed and transferred to the Middle District of Pennsylvania and the Eastern District of North Carolina. *Id.*

Defendant contends that Plaintiff's claims asserted under the ADA are inapplicable because federal employees cannot bring disability claims under the ADA; accordingly, Defendant submits, Plaintiff's disability claims should be brought under the Rehabilitation Act of 1973. *Id.* at 13. Additionally, Defendant asserts that the allegations in Count II relating to Plaintiff's removal should be dismissed because they are substantially similar to Plaintiff's claims currently pending before the MSPB. *Id.* at 14. Defendant asserts that claims of gender discrimination and retaliation in Count I and retaliation in Count II are improper because they have not been administratively exhausted. *Id.* at 15-16. Lastly, Defendant moves for the remaining claims to be severed and transferred to the Middle District of Pennsylvania and the Eastern District of North Carolina, because all claims in Count I arise out of activity that allegedly took place in Tobyhanna, Pennsylvania, and all claims in Count II arise out of activity that allegedly took place in Brunswick, North Carolina. *Id.* at 16-19.

In response, Plaintiff requests leave to modify her Complaint to add the Rehabilitation Act as a basis for her disability claims. Pl. Resp. to Def. Mot. to Dismiss, ECF No. 10 at 7. Plaintiff also contends that the instant action contains no claims associated with her appeal before the MSPB and, thus, may be litigated since the request for reinstatement is a remedy for the Agency's failure to accommodate her disability, not as a remedy addressing wrongful termination. *Id.* at 7-8.

Plaintiff concedes that her gender discrimination claims in Count I and demands for punitive, liquidated, and double damages are improperly plead. *Id.* at 10. Plaintiff asserts that she properly raised retaliation in Count II, because a claim of reprisal was made in the formal EEO complaint. *Id.* Lastly, Plaintiff argues that the Eastern District of Pennsylvania is the proper venue for this case to proceed as she was working remotely in the Eastern District of Pennsylvania and would have continued to do so absent the discriminatory conduct. *Id.*

## II.     MOTION TO DISMISS

### A.     Standard

Defendant Wormuth moves to dismiss Plaintiff's Complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). In other words, "there must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234–35 (3d Cir. 2008).

Federal courts in the Third Circuit deploy a three-step analysis when faced with motions to dismiss. First, the Court identifies "the elements [the] plaintiff must plead to state a claim." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 675). Next, the Court identifies "allegations

that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the Court assumes the veracity of well-pleaded factual allegations, "and then determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). For purposes of this analysis, the Court "accept[s] all factual allegations as true, [and] construe[s] the Complaint in the light most favorable to the Plaintiff." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

**B.   Discussion**

**1.   Plaintiff's Disability Claim**

In her Complaint, Plaintiff alleges Defendant terminated her employment in part due to her disability. Plaintiff claims that the organization "aimed to rid itself of the burden that an older female employee with disabilities posed." ECF No. 1 at 24. First, Defendant moves to dismiss all disability claims Plaintiff alleges under the ADA. ECF No. 6 at 6. In response, Plaintiff contends the claims should not be dismissed, but requests leave to modify her Complaint to add the Rehabilitation Act as a basis for her disability claims. ECF No. 10 at 7.

To prevail in an American Disabilities Act claim, "a plaintiff must show (1) that they are a qualified individual with a disability; (2) that they were excluded from participation in or denied the benefits of a public entity's services, programs or activities; and (3) that such treatment was by reason of his disability." *O.F. v. Chester Upland Sch. Dist.*, 2000 U.S. Dist. LEXIS 4962, at *9 (E.D. Pa. April 19, 2000). In the present case, Plaintiff seeks disability coverage under the ADA due to a work injury sustained in 2014, resulting in foot surgery, permanent disability, and work restrictions. ECF No. 1 ¶ 19. Plaintiff asserts her disability and discrimination claims under Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act of 1967, and the ADA. *Id.* ¶ 1. But Plaintiff, a former federal employee, is barred from bringing claims under the

ADA. "Government agencies like the Army are specifically excluded from ADA coverage." 42 U.S.C.S. § 12111(5)(B)(i)(1990). Here, Plaintiff relies on the ADA as the legal basis for her disability discrimination and failure to accommodate claims. But "[t]he Army and other government agency employers may only be sued for disability discrimination under the Rehabilitation Act of 1973." *Spence v. Straw*, 54 F.3d 196, 199 (3rd Cir. 1995). Thus, as a former federal employee, Plaintiff is excluded from coverage under the ADA. Therefore, Defendant's motion to dismiss Plaintiff's disability claims under the ADA is granted with prejudice. Nevertheless, the Court grants Plaintiff's request to amend her Complaint to include the Rehabilitation Act of 1973 as a basis for her disability claims.

### 2.    Claims Before the MSPB

Secondly, in Count II of the Complaint, Plaintiff asserts discrimination claims of disability, gender, age, retaliation, and hostile work environment against Defendant. ECF No. 1 ¶ 18. Defendant moves to dismiss Plaintiff's Count II claims due to Plaintiff's failure to exhaust administrative remedies, such as an appeal before the MSPB. ECF No. 6 at 14. Presently, Plaintiff has a pending appeal before the MSPB. *Id.* A federal employee who claims she is a victim of discrimination may file a "mixed case complaint with her employer's Equal Employment Opportunity (EEO) office **or** a mixed case appeal with the MSPB, **but she cannot do both**." *Singland v. Donahoe*, 542 Fed. Appx. 189, 192 (3rd Cir. 2013) (emphasis added). A mixed case complaint is an allegation of "employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability or genetic information related to or stemming from an action that can be appealed to the MSPB." 29 C.F.R. § 1614.302(a)(1) (2012). Moreover, if an employee files a mixed case complaint with her employer's EEO office, "she has thirty days following the receipt of its final decision to file either an appeal with the MSPB or a

civil action in the District Court, but she cannot do both simultaneously." *Donahoe*, 542 Fed. Appx at 192.

Here, Plaintiff filed an appeal of her termination to the MSPB in 2017, which remains pending. The appeal before the MSPB contains substantially similar allegations to those Plaintiff asserts in this Court. ECF No. 6, Ex. 6. Plaintiff's claim that her request for reinstatement is a remedy for addressing the Agency's failure to accommodate her disability and not a remedy for addressing wrongful termination is unpersuasive. Plaintiff acknowledges that her appeal before the MSPB is still pending and asserts relief is delayed due to the numerous case reviews outstanding. ECF No. 10 at 9.

A plaintiff who "files an appeal with the MSPB may not file a discrimination action in federal district court until after the MSPB has rendered its final decision. If the employee attempts to file suit in federal district court before completing either step, her claim can be dismissed for lack of exhaustion of administrative remedies." *Gibbs v. Brennan*, 2021 U.S. Dist. LEXIS 156129, at *30 (D.N.J. August 18, 2021). Plaintiff's MSPB process is not complete; as such, Plaintiff is not entitled to relief because the claims presented are the foundation of the allegations still pending before the MSPB. Plaintiff asserts that the MSPB claim seeks reinstatement and is therefore not related to her removal. This is unpersuasive, as both claims stem from the same alleged discriminatory action. Plaintiff further asserts, in equity, that because of her age (72 years old), she deserves a decision on her EEO claims during her lifetime and not after her demise. ECF No. 10 at 9.

Plaintiff chose her forum when she appealed her case to the MSPB. "Once a government employee elects to pursue a mixed case before the MSPB, she is obligated to follow that route through to completion to the exclusion of any remedy that originally may have been available."

*Singland v. Donahoe*, 542 Fed. Appx. 189, 192 (3rd Cir. 2013). Regardless of age, Plaintiff must complete the MSPB appeal process before filing suit in federal district court. To allow the Plaintiff to "abandon the administrative remedies she has initiated would tend to frustrate the ability of the agency to deal with complaints. All participants would know that at any moment, an impatient complainant could take her claim to Court and abort the administrative proceedings." *Schultz v. Dept. of U.S. Air Force*, 2017 U.S. Dist. LEXIS 14247, at *15 (W.D. Pa. February 2, 2017). Plaintiff must complete the MSPB appeal process before filing suit in federal District Court. Therefore, the Defendants' motion to dismiss all claims in Count II is granted without prejudice pending resolution of Plaintiff's MSPB appeal process.

### 3.    Claims Not Administratively Exhausted

Defendant asserts that Plaintiff alleges unexhausted claims for gender discrimination and retaliation in Count I and retaliation in Count II. Prior to filing a discrimination or retaliation claim in federal court, an employee must exhaust administrative remedies by filing a charge with her employing agency. *See Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). 29 C.F.R. § 1614.105 lays out the pre-complaint process and requires "aggrieved person who believe they have been discriminated against on the basis of [enumerated characteristics] [to] consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." For federal employees, that employee must contact the EEO within 45 days of the alleged gender discrimination or retaliation. 29 C.F.R. § 1614.105(a)(1). The employee must complete the EEOC process before filing a civil action in federal court.

### i.    Gender Discrimination Claims

In Count I, Plaintiff plead gender discrimination claims relating to her employment in Tobyhanna, Pennsylvania. Plaintiff concedes she failed to administratively exhaust these claims

within the 45 day limit and cannot recover. ECF No. 10 at 10. Therefore, the claims are dismissed with prejudice.

## ii.      Retaliation Claims

In Count II, Plaintiff alleges retaliation stemming from being relocated to Illinois rather than being permitted to continue working remotely. However, this claim was not administratively exhausted. Plaintiff, in her Response in Opposition, cites the Formal Complaint of Discrimination filed with the EEOC, along with the supplemental complaint to assert that reprisal was raised before the EEOC. *Id*. However, reprisal was only asserted in connection to an event where Plaintiff was denied access to her computer. ECF No. 6, EX. B. She did not raise reprisal allegations in connection with the revocation of her remote work status or request for relocation within the 45 day limit. Therefore, these allegations were not investigated by the EEOC, and are not properly before this Court. These claims are dismissed with prejudice.

## 4.      Demand for Punitive, Liquidated, and Double Damages

In her complaint, Plaintiff demanded punitive, liquidated, and double damages. However, Plaintiff now concedes she cannot recover these damages.[1] ECF No. 10 at 12. Therefore, the claims are dismissed.

## III.    MOTION TO SEVER AND TRANSFER VENUE

### A.      Standard

Under 42 U.S.C. § 2000(e)(5), venue for Title VII cases lies in (1) any district in which the unlawful employment practice was allegedly committed, (2) the district in which the relevant

---

[1] *See,* 42 U.S.C. § 1981a(b)(1) (Restricting punitive damages under Title VII); 23 U.S.C. § 626(b)-(c) (limiting damages under the Age Discrimination Act); 29 U.S.C. § 633(f) (limiting liquidated damages against federal agencies).

employment records are maintained and administered, or (3) the district in which the plaintiff would have worked but for the alleged unlawful employment practice. If the defendant is not found within any such district, the action may be brought in the judicial district where the defendant has its principal place of business. 42 U.S.C. § 2000(e)(5).

Additionally, under 28 U.S.C. § 1404, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A standard request for transfer pursuant to 1404(a) must include two components. A court must first address whether the original venue and the requested venue is proper. *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 878 (3d Cir. 1995). If the venue is found to be proper, "the Court is required to undertake a balancing test in deciding whether the 'interests of justice [would] be better served by a transfer to a different forum.'" *Coppola v. Ferrellgas, Inc.,* 250 F.R.D. 195, 197 (E.D. Pa. 2008) (quoting *Jumara,* 55 F.3d at 879). The burden of establishing the need for transfer rests with the movant. *Jumara* 55 F.3d at 879.

### B.   Discussion

#### 1.   Count II

Count II of Plaintiff's complaint alleges claims arising from her employment with Sunny Point Army Terminal in Brunswick, North Carolina. Defendant asserts that venue cannot properly be established under any of the three 42 U.S.C. § 2000(e)(5) prongs. However, Plaintiff asserts that absent any discrimination, she would have continued to work remotely in Bethlehem,

Pennsylvania. The Court agrees, and venue is therefore properly established under the third prong of the statute.[2]

### 2. Count I

Count I of Plaintiff's complaint contains allegations stemming from her employment at the Tobyhanna Pennsylvania Army Depot, which is located in the Middle District of Pennsylvania. Plaintiff asserts that "in the interest of judicial economy [because Count II will be litigated in the Eastern District] and in the absence of a burden on the Agency, venue is proper in the Eastern District." ECF No. 10 at 11-12. The Court agrees.

### 3. Interest of Justice

When considering whether a case should be transferred to another judicial district in the interest of justice, the Court is not limited to the enumerated factors in § 1404(a). *Jumara* 55 F.3d at 879. Instead, courts should "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed, and the interests of justice be better served, by transfer to a different forum." *Id.* Courts may consider both public and private factors. *Id.*

The private interests courts have considered include: plaintiff's forum preference, the defendant's preference, where the claims arose, the convenience of the parties "as indicated by their physical and financial condition," the convenience of the witnesses – "but only to the extent that the witnesses may actually be unavailable for trial in one of the fora," and the location of books and records to the extent they would be unavailable in another forum. *Id.*

---

[2] Plaintiff additionally argues that Bethlehem, Pennsylvania was her "functional workplace" during the alleged discrimination. This is not enough to establish venue under the first prong of § 2000(e)(5). *See, Podell v. Austin*, 2023 U.S. Dist. LEXIS 132874 *12-13 (E.D. Pa. 2023) (holding, it is where the decisions are made, not where virtual communications are received, that dictates where the alleged discrimination occurs). Likewise, venue is not properly established merely because the Army has a recruiting office in Allentown. *See*, ECF No. 10 at 11.

The public interests have included: the enforceability of judgment, practical considerations that would make the trial "easy, expeditious, or inexpensive," the relative administrative difficulty, and the local interest in deciding local controversies at home. *Id.* at 879-880.

Here, it is clear that Plaintiff prefers the case be litigated in the Eastern District of Pennsylvania and Defendant prefers it be severed and transferred to the Middle District of Pennsylvania and the Eastern District of North Carolina. It is likely more convenient for Plaintiff to litigate it in the Eastern District of Pennsylvania, since she still resides in this district, is 72 years old, and would prefer to litigate all claims together. While Defendant prefers that the case be transferred, there was no evidence provided that witnesses would be unable to travel for trial or records would be unavailable in this forum.

The Court notes the practical considerations, convenience of the witnesses, location of where the claims arose, and local interest that weigh in favor of severance and transfer in this case. However, the interest in judicial economy and expediency compels the Court to keep these claims together. Therefore, when deciding whether to transfer them together or keep them in the Eastern District of Pennsylvania, the Court is persuaded by the above-mentioned factors that weigh against transfer.

## IV.    CONCLUSION

Plaintiff's ADA claims are dismissed with prejudice for failure to file suit under the appropriate act. However, the Court grants Plaintiff leave to amend her Complaint and add the Rehabilitation Act of 1973. Additionally, all claims relating to Plaintiff's removal from employment in Count II are dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff may file suit once she has exhausted administrative remedies. All claims of gender discrimination or retaliation in Count I and retaliation in Count II are dismissed with

prejudice for failure to exhaust administrative remedies. All demands for punitive, liquidated, and double damages are stricken. Lastly, the request for severance and transfer to the Middle District of Pennsylvania and the Eastern District of North Carolina is denied.  An appropriate Order follows.

BY THE COURT:


*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

14